STATE of Iowa, Plaintiff–Appellee,

v.

**Jacob Ernest BOHI,
Defendant–Appellant.**

No. 87–1017.

Court of Appeals of Iowa.

June 29, 1988.

Vern M. Ball, of Ball Law Offices, Bloomfield, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and R. Kurt Swain, County Atty., for plaintiff–appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Defendant, Jacob Ernest Bohi, appeals his conviction of transporting a revolver in

violation of Iowa Code section 724.4. He asserts the evidence was insufficient to show he did not have the unloaded revolver inside a closed and fastened container pursuant to the exception in Iowa Code section 724.4(6). Bohi also contends the trial court erred in the giving of a jury instruction and in allowing the State to comment at trial on his silence at the time of his arrest. We reverse.

In December 1986, an altercation occurred between Bohi and Steven Williams, Bohi's son-in-law, on Highway 63, north of Bloomfield, Iowa. A truck driver, Daniel Clark, who was present throughout the incident, managed to keep the two separated until a sheriff's deputy arrived. At that point Williams said Bohi had pointed a gun at him. The officer asked Bohi to get the weapon. Bohi went back to his truck and produced an unloaded revolver. The officer then arrested Williams for assault and Bohi for transporting a revolver in violation of Iowa Code section 724.4. Bohi was convicted by a jury and this appeal followed.

■ Iowa Code section 724.4 provides:

A person ... who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor....

*Id.* However, this section does not apply to:

Any person who for any lawful purpose carries or transports an unloaded pistol or revolver in any vehicle inside a closed and fastened container or securely wrapped package which is too large to be concealed on the person or inside a cargo or luggage compartment where the pistol or revolver will not be readily accessible to any person riding in the vehicle or common carrier.

Iowa Code § 724.4(6). The State need not prove this exception does not apply, unless substantial evidence appears in the record that it does apply. *See State v. Bowdry,* 337 N.W.2d 216, 218 (Iowa 1983) (regarding the issue of a permit to carry a concealed weapon); *State v. Thomas,* 219 N.W.2d 3, 5 (Iowa 1974) (regarding issue of defendant's sanity).

In this case, Bohi introduced substantial evidence he had complied with the exception. After previous altercations with Steven Williams, Bohi had asked a former highway patrolman how he could legally transport a revolver. Numerous witnesses testified Bohi had carried the gun in a locked metal box in his pickup truck for approximately three months prior to the incident in December 1986. Bohi, and his daughter, Debbie, testified Bohi had retrieved the revolver for the arresting officer from this box, which was located behind the pickup's seat. Daniel Clark testified he saw Bohi flip the pickup seat forward, throw a bunch of coats out of the way, and reach underneath the seat to get the gun. Clark also stated he did not see the gun prior to the arrival of the officer, contrary to the testimony of Williams. The arresting officer made no investigation of whether the gun had been in a closed and fastened container. Nor did the officer or Williams see where the gun was when Bohi retrieved it.

■ The State makes two arguments to refute Bohi's defense. The first is that Bohi's evidence, even if accepted as true, does not place him within the exception. The State contends the exception requires the closed and fastened container to not be "readily accessible to any person riding in the vehicle." We are not persuaded the exception so requires. We read the accessibility portion of subsection (6) as applying only to pistols or revolvers placed inside a cargo or luggage compartment. The alternative requirement of a "closed and fastened container" merely echoes the provisions for carrying an unloaded pistol, revolver, or other dangerous weapon. *See* Iowa Code § 724.4(5). We do not believe the legislature intended to make criminal transporting a revolver in a manner in which it is legal to carry the weapon. In other words, Bohi's action was not meant to be criminal merely because he was driving and not walking.

■ The State's second argument is that there was sufficient evidence for the jury

to conclude Bohi did not satisfy the exception. Our review is as follows:

> We view the evidence in the light most favorable to the State; all inferences that are fairly and reasonably deducted from the evidence are accepted; and all the evidence, not just that supporting the verdict is considered. Furthermore, the verdict will be upheld if supported by "substantial" evidence, i.e., evidence which would convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt.

State v. Freie, 335 N.W.2d 169, 171 (Iowa 1983) (citations omitted).

The State notes Bohi gave the arresting officer only the revolver and not the container. The State also notes it only took Bohi fifteen seconds to retrieve the weapon. Moreover, Williams testified Bohi didn't flip the pickup's seat forward, contrary to the testimony of Clark. The State also finds it significant Bohi didn't inform the officer he kept the revolver in a container until later that day.

Viewed in light of Bohi's overwhelming evidence to the contrary, we conclude the State's evidence was not sufficient to convince a rational trier of fact beyond a reasonable doubt Bohi did not, for a lawful purpose, transport his unloaded revolver in a "closed and fastened container ... which [was] too large to be concealed on the person." Since we reverse on this issue, we need not address Bohi's other assignments of error.

REVERSED.