**STATE of Iowa, Appellant,**

v.

**David Lee WALTON, Appellee.**

No. 87–823.

Supreme Court of Iowa.

Sept. 21, 1988.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., James A. Smith, County Atty., and Jamie Bowers, Asst. County Atty., for appellant.

John C. Wellman, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

Defendant David Lee Walton was sitting in his parked vehicle when he was approached by a Des Moines police officer concerning traffic violations. At the officer's request, Walton produced his motor vehicle registration from the car's glove compartment. There, in plain view, the officer observed an uncased revolver, later determined to be unloaded.

Walton was arrested and charged with carrying a weapon in violation of Iowa Code section 724.4 (1985). Upon Walton's motion, the trial court dismissed the charge, concluding that the locked glove compartment fell within the statute's exception for handguns transported in a "closed and fastened container." Iowa Code § 724.4(6). On appeal from that dismissal, the State challenges the court's interpretation of section 724.4(6). We reverse.

Iowa Code section 724.4 provides, in pertinent part, that "[a] person who ... knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor,...." Exempt from this criminal penalty, however, is

[a]ny person who for any lawful purpose carries or transports an unloaded pistol or revolver in any vehicle inside a closed and fastened container or securely wrapped package which is too large to be concealed on the person or inside a cargo or luggage compartment where the pistol or revolver will not be readily accessible to any person riding in the vehicle or common carrier.

Iowa Code § 724.4(6).

The sole question before us is whether a person who carries an unloaded revolver in a vehicle's locked glove compartment is entitled as a matter of law to the benefit of the exemption. The trial court concluded that Walton was so entitled, reasoning that

"[a] glove compartment is a 'container' ... designed for holding smaller objects ... [and] if it were capable of being removed from the car, is too large to be hidden on the person." Because this "container" holding Walton's weapon was indisputably closed and fastened, the court ruled that the State could prove no violation of the law.

Arguing for reversal, the State contends that by defining a glove compartment as a container rather than a cargo or luggage compartment, the trial court erroneously ignored that part of the statute which proscribes the carrying of handguns where they might "be readily accessible to any person riding in the vehicle." *See* Iowa Code § 724.4(6). Without accepting the State's broad assertion that even unloaded, encased handguns must meet this "not readily accessible" test, we agree that for purposes of section 724.4(6) a glove compartment is not a container. Therefore the ready accessibility of the pistol or revolver to passengers riding in the vehicle must be considered.

Essentially, the statute prescribes two lawful alternatives for transporting unloaded handguns:

> (1) In a closed and fastened container or securely wrapped package too large to be concealed on the person
>
> or
>
> (2) Inside a cargo or luggage compartment not readily accessible to the vehicle's driver or passengers.

The first alternative echoes the language of the section defining the circumstances under which a person may lawfully carry an unloaded pistol or revolver when *not* in a vehicle. *See* Iowa Code § 724.4(5). Before this language was added in 1980, the statute prevented persons from transporting handguns in vehicles except "inside a cargo or luggage compartment where the pistol or revolver will not be readily accessible to any person riding in a vehicle or common carrier." *See* 1980 Iowa Acts ch. 1015, § 68. The amendment appears to reflect the reality that some vehicles—such as station wagons, vans, hatchbacks and motorcycles—may not have a trunk or car-go compartment that is inaccessible to the vehicle's passengers. *See State v. Alexander*, 322 N.W.2d 71, 73 (Iowa 1982) (gun under seat in van "readily accessible"). Thus the amendment balances a citizen's privilege to transport guns lawfully possessed, without fear of prosecution, with the interest of peace officers and the public in being protected from the danger posed by traveling motorists with unrestricted access to handguns. *See* 4 J. Yeager & R. Carlson, *Iowa Practice* § 520, at 132 (1979).

By defining a glove compartment as a "closed and fastened container," we think the trial court interpreted the statute's terms without reference to these interests. We cannot quarrel with the suggestion that a glove compartment is designed to "contain" things. But a glove compartment, unlike an ordinary container such as a jar or box, is a specialized structure unique to a vehicle; "a small storage cabinet in the dashboard of an automobile." *Webster's Ninth New Collegiate Dictionary* 523 (1986). If, as the trial court suggests, a glove compartment is a container, then what "compartment" in a vehicle is *not* a container? Under the trial court's interpretation, a trunk would be a container, thus rendering the second alternative under the statute either superfluous or redundant, contrary to the presumption that all terms in a statute have meaning. *See* Iowa Code § 4.4(2) (1987).

We think that by enacting section 724.4(6), the legislature intended to distinguish containers commonly used to carry guns, either on foot or in vehicles, from vehicle cargo compartments, including trunks and glove compartments. Under the statute, handguns carried in the latter need not be packaged or contained so long as the compartment will "not be readily accessible" to a vehicle's passengers. A glove compartment, unlike a trunk, is ordinarily accessible to a vehicle's driver or passengers. Thus, unless an unloaded handgun is encased or packaged in accordance with the statute, one who transports it in a glove compartment or other interior compartment of a vehicle will not be exempt from

the penalties of Iowa Code section 724.4. The trial court's ruling to the contrary must be reversed, and the case is remanded for further proceedings.

REVERSED AND REMANDED.