**STATE of Iowa, Appellant,**

v.

**Randy Roy JONES, Appellee.**

No. 93–1950.

Supreme Court of Iowa.

Nov. 23, 1994.

Bonnie J. Campbell, Atty. Gen., Mary Tabor, Asst. Atty. Gen., Diann Wilder–Tomlinson, County Atty., and Peter J. Grady, Asst. County Atty., for appellant.

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellee.

Considered by HARRIS, P.J., and CARTER, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The question in the present case is whether a zippered gun pouch is a "closed and fastened container" within the meaning of Iowa Code section 724.4(4) (1993). We believe that it is, and we affirm the judgment of the district court.

Marshalltown police stopped a pickup truck driven by the defendant, Randy Roy Jones, for a traffic violation. The officers discovered Jones was wanted for second-degree theft and arrested him. In a subsequent search of the pickup, the officers discovered an unloaded Ruger 357 revolver and six rounds of ammunition in a 15½" by 7" zippered pouch (a gun rug) under the driver's seat.

The State charged Jones with carrying weapons in violation of Iowa Code section 724.4 (1993). Jones filed an application for a bill of particulars asking that the State provide additional information to show why the exceptions listed in section 724.4(4) did not apply. The State responded that the "gun rug" was not a fastened container for purposes of the exception set forth in section 724.4(4)(f).

The district court ruled section 724.4(4)(f) only requires that a gun container be closed, not locked. The court further ruled the gun rug was too large to be concealed on Jones' person. The court therefore concluded the gun rug fell within section 724.4(4)(f)'s exception to the carrying-weapons statute. It sustained Jones' bill of particulars and ordered the State to file an additional bill of particulars to bring the case outside of section 724.4(4)(f).

The State provided a new bill of particulars claiming the gun rug was not a "closed and fastened container" for purposes of section 724.4(4)(f). Jones filed a motion to dismiss for defect in the trial information pursuant to Iowa Rule of Criminal Procedure 10(6)(c). Following a hearing, the district court dismissed the trial information. The State has appealed.

We examine the district court's dismissal of the charges against Jones for the correction of errors at law. *State v. Doss*, 355 N.W.2d 874, 880 (Iowa 1984).

Jones was charged with carrying weapons in violation of Iowa Code section 724.4(1) (1993). Section 724.4(1) provides, in pertinent part, that a person violates that section if he or she knowingly carries or otherwise transports in a vehicle a pistol or revolver. Section 724.4(4)(f), however, provides an exception for:

A person who for any lawful purpose carries or transports an unloaded pistol or revolver in a vehicle inside a closed and fastened container or securely wrapped package which is too large to be concealed on the person or inside a cargo or luggage compartment where the pistol or revolver will not be readily accessible to any person riding in the vehicle or common carrier.

The State argues that the gun rug is not a "closed and fastened container" for purposes

of section 724.4(4)(f). Under the State's interpretation, a gun container must meet three separate requirements in order to qualify under the exemption: (1) it must be closed, (2) it must be fastened, and (3) it must be too large to be concealed on the person. The State maintains the gun rug in the present case did not meet the second and third requirements. We disagree.

The State concedes the gun container was closed because it was zippered shut. Although the State now appears to argue that the gun rug could have been hidden on the defendant's person, at trial the State did not argue this point, stating the only real issue was whether or not the gun rug was "closed and *fastened*" within the meaning of section 724.4(4)(f). Thus, the only issue is whether a zippered gun container is a "fastened" container as envisioned by the legislature.

 Our first task is to determine whether the legislature in enacting section 724.4(4)(f) intended to preclude a zippered gun case from the statutory exception. Because the legislature did not define the term "fastened," we must provide an interpretation. Words of a statute are given their plain or ordinary meaning absent legislative definition or particular meaning in the law. *State v. Simmons*, 500 N.W.2d 58, 59 (Iowa 1993). Using a dictionary has been recognized as an acceptable method of ascertaining the meaning of statutory language. *State v. Williams*, 315 N.W.2d 45, 49 (Iowa 1982).

The word "fasten" has been defined as the means to "secure against opening." Webster's Ninth New Collegiate Dictionary 451 (1985). Several Iowa cases have interpreted the provisions of section 724.4 as they relate to closed and fastened containers. In *State v. Bohi*, 428 N.W.2d 679, 680 (Iowa App. 1988), the defendant had been convicted of transporting a revolver in violation of section 724.4. The defendant introduced evidence at trial that the gun was carried in a locked metal box in his pickup. *Bohi*, 428 N.W.2d at 680. The State countered that it only took fifteen seconds for the defendant to retrieve the gun. *Id.* at 681. The court of appeals reversed defendant's conviction, holding there was insufficient evidence to hold that

the defendant did not, for a lawful purpose, transport his unloaded revolver in a "closed and fastened" container too large to be concealed on his person. *Id.*

In *State v. Walton*, 429 N.W.2d 133 (Iowa 1988), the defendant was convicted of a violation of section 724.4 after a police officer noticed an uncased revolver in the glove compartment of defendant's car. The district court dismissed the charge, holding that a glove compartment was a "closed and fastened" container within the meaning of then section 724.4(4). *Walton*, 429 N.W.2d at 134. The *Walton* court reversed and remanded, opining that a locked glove compartment was not a "closed and fastened" container within the meaning of the statute, but was a cargo or luggage compartment. *Id.* at 134. Because the glove compartment came under the cargo or luggage compartment exception, ready accessibility had to be considered in determining whether the defendant was in violation of the statute. *Id.*

The present case is the first instance this court has been asked to determine whether a zippered gun case is a "closed and fastened" container. Although there does not appear to be any Iowa case law, a number of other jurisdictions have interpreted statutes similar to section 724.4. An examination of similar statutes to our own section 724.4 reveals that there is no consensus as to what constitutes a locked, enclosed, or secured container for a firearm. *See Alexander v. State*, 477 So.2d 557 (Fla.Dist.App.1985) (Florida District Court of Appeals ruled that the zippered pouch was a gun case for purposes of the statute and was "securely enclosed" within the meaning of section 790.001(16)); *Cates v. State*, 408 So.2d 797, 799 (Fla.Dist.App. 1982) (pistol found by opening lid of console in the car not securely encased); *Jordan v. State*, 24 Md.App. 267, 270, 330 A.2d 496, 501 (1975) (an unfastened sack does not fit the statutory definition of an "enclosed case or holster" as provided in Annotated Code of Maryland 27, section 36B(c)(3)). *See also* 1993 California Statutes 12026.2(d) (providing that a locked container means a secure container that is fully enclosed and locked by a padlock, key lock, or combination lock); Michigan Compiled Laws § 750.231(a) (1993)

(a person who fits the various exceptions to the prohibition of carrying a firearm must carry the firearm in a wrap or a container, and the wrap or container must not be readily accessible).

Prior to the 1976 revision of the Iowa Criminal Code, section 695.2, the precursor to section 724.4, provided that it was lawful for a person to carry a firearm if the weapon was unloaded and was in a closed container too large to be effectively concealed on the person. A similar statute regulating the transport of hunting weapons provided that the gun had to be contained in a case. Iowa Code § 110.24 (1975). Called to interpret section 110.24, the attorney general issued an opinion regarding the method of securing the gun:

> It is therefore our opinion that Section 110.24, "1973 Code of Iowa", means that a gun must actually be held in restraints in a manner that will prevent the gun from dislodging from its container by either being dropped, shaken, bumped, etc. This would mean that an unzippered case would not be permissible under the law, in that by merely holding a case or container at a certain angle the gun would slip out. Accordingly a case merely laid on top or over a gun would also be impermissible, as with an enclosure of the trigger housing, in that the statute calls for the gun, not merely the trigger housing to be "contained in a case". The case or container must be such that it is impossible to remove the gun for use, without adjusting, opening, or removing the case or container/restraint.

Op. Att'y Gen. 505, 506 (April 22, 1974). In 1980, the legislature amended section 724.4 to allow for transport of weapons in vehicles that do not have cargo or luggage compartments. This amendment added language that "echoes the language of the section defining the circumstances under which a person may lawfully carry an unloaded pistol or revolver when not in a vehicle." *Walton*, 429 N.W.2d at 134. In 1986, the legislature amended section 110.24 to require that guns transported in a vehicle must be unloaded and taken down or totally contained in a securely fastened case. 71 G.A. ch. 1240, § 10 (1986).

The one common thread that appears throughout the history of Iowa's gun statutes is that the container in which the gun is kept must be sufficiently secure to protect against the gun becoming dislodged or slipping out. As section 724.4 stands at the present time, we do not believe that the State's interpretation of the word "fastened" comes within the meaning of the statute. The State strenuously argues that the legislature's intent in creating the exceptions was to balance the public's interest in the freedom to transport weapons with the dangers involved in allowing motorists to have unrestricted access to handguns. *Walton*, 429 N.W.2d at 134. Given the exponential rise in violent crime involving handguns, the State is understandably concerned. Despite whatever merit the State's objectives may have, we do not believe this court should supplant the legislature and broaden the language of section 724.4.

The gun case here was closed and fastened. The record shows it was fully zipped. We believe Iowa case law and legislative history concerning the statute show that a zipper is the type of closure and fastening device that was contemplated by the legislature in amending section 724.4. Even if the State's interpretation of section 724.4 was adopted, there would be numerous examples of gun containers that could technically be considered "fastened" yet allow easy access without actually unfastening the container. The zipper secured the gun case such that the gun could not become dislodged without opening the zipper. Consequently, the record shows that, as a matter of law, the requirements of section 724.4(4)(f) were satisfied. We therefore hold the district court was correct in dismissing the charges against the defendant.

**AFFIRMED.**