**STATE of Iowa, Plaintiff–Appellee,**

v.

**Ronnie Lee JOHNSON, Defendant–Appellant.**

**No. 98–1502.**

Court of Appeals of Iowa.

Nov. 10, 1999.

670

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas Andrews, Assistant Attorney General, Richard N. Dunn, County Attorney, and Harry Haywood, Assistant County Attorney, for appellee.

Heard by STREIT, P.J., and VOGEL and VAITHESWARAN, JJ., but decided by STREIT, P.J., and HECHT and VAITHESWARN, JJ.

STREIT, P.J.

The Latin axiom *"cutellum tuum relinque domi"*[1] would best serve defendant Ronnie Johnson. Johnson was convicted of carrying weapons when after being stopped for a minor traffic violation, a number of knives fell out of his glove compartment in the presence of the arresting officer. Johnson now appeals claiming (1) the court erred in failing to instruct the jury on whether the knife was in a closed and fastened container; and (2) his trial counsel was ineffective in failing to request the jury be instructed on the definition of "on or about the person" under section 724.4(3), and for failing to challenge the "on or about the person" language as constitutionally vague and overbroad. We affirm the conviction.

### I. Background Facts & Proceedings.

On May 27, 1997, a state trooper stopped defendant Ronnie Johnson for a loud muffler. When the trooper asked to see Johnson's vehicle registration, Johnson opened his glove compartment and several knives fell out, one of which had a blade exceeding five inches in length. The State charged Johnson with carrying weapons in violation of Iowa Code section 724.4(3)(b) (1997).

At trial Johnson requested an instruction requiring the State to disprove the knife was in a closed and fastened container pursuant to Iowa Code section 724.4(4)(e). Section 724.4(4)(e) creates an exception to the general prohibition on carrying weapons when the weapon is "carried inside a closed and fastened container or secured wrapped package which is too large to be concealed on the person." The court rejected the proposed instruction relying on *State v. Walton*, 429 N.W.2d 133 (Iowa 1988), which held under a similar section 724.4(4) exception, that a locked automobile glove compartment was not a "closed and fastened container" for the purposes of a firearm.

The jury convicted Johnson as charged. He now appeals contending (1) the court erred in failing to instruct the jury on whether the knife was in a closed and

---

1. Roughly translated, "Leave your knife at home."

fastened container; and (2) his trial counsel was ineffective in failing to request the jury be instructed on the definition of "on or about the person" under section 724.4(3), and for failing to challenge the "on or about the person" language as constitutionally vague and overbroad.

### II. The Proposed Jury Instruction.

Johnson first claims the trial court erred in not giving a proposed instruction demanding the State show a closed and fastened container does not include a vehicle's glove compartment.

■ **A. Standard of Review.** We review the trial court's determination regarding jury instructions for errors at law. *See* Iowa R.App.P. 4; *State v. Breitbach,* 488 N.W.2d 444, 449 (Iowa 1992).

■ **B. The Proposed Jury Instruction Failed to Properly State Iowa Law.** Ordinarily, the district court must instruct on a defendant's theory of defense provided the defendant makes a timely request, the theory underlying the requested instruction is supported by the evidence, and the requested instruction is a correct statement of the law. *State v. Johnson,* 534 N.W.2d 118, 124 (Iowa App.1995). Because the instruction requested by Johnson was not a correct statement of the law, we need not address the additional elements.

■ Iowa Code section 724.4 forbids the carrying of dangerous weapons within the limits of any city. A person with a knife concealed on or about the person commits a serious misdemeanor if the knife's blade exceeds five inches in length. Iowa Code § 724.4(3)(b). Exceptions to the general prohibition on carrying weapons include placing the dangerous weapon in a closed and fastened container which is too large to be concealed on the person or placing an unloaded pistol or revolver in a closed and fastened container in your vehicle. *See* Iowa Code §§ 724.4(4)(e) & (f). The Iowa Supreme Court in *State v. Walton* ruled in reference to the pistol/vehicle ex-

ception that a closed and fastened container did not include a glove compartment. *State v. Walton,* 429 N.W.2d 133, 134 (Iowa 1988). No court has extended that ruling as to be generally applicable throughout the remainder of section 724.4(4).

■ Rubrics of statutory construction dictate, when identical language is used in several places within a statute, the phrase is to be given the same meaning throughout. *Carson v. Roediger,* 513 N.W.2d 713, 716 (Iowa 1994).

> "In the absence of anything in the statute clearly indicating an intention to the contrary, where the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout; and, where its meaning in one instance is clear, this meaning will be attached to it elsewhere."

*City of Cedar Rapids v. Cox,* 250 Iowa 457, 93 N.W.2d 216, 223 (1958) (quoting 82 C.J.S. *Statutes* § 348, at 728–29 (1955)). The phrase "a closed and fastened container" appears two places in Iowa Code section 724.4(4). It appears in subsection (e) and (f). The supreme court addressed the phrase under subsection (f) as not including a vehicle's glove compartment. *See Walton,* 429 N.W.2d at 134. The overarching principles of statutory construction demand the meaning of the phrase remain consistent throughout the statute, barring clear evidence to the contrary. The statute does not contain a scintilla of evidence supporting a contrary conclusion under subsection (e). A different interpretation would promote disharmony in the statute, would bring the conclusions of the *Walton* court in direct conflict with the surrounding statutory language, and would undermine the intent of the legislature. Therefore, the phrase "a closed and fastened container" will be uniform throughout section 724.4. The *Walton* court's sound conclusion that a closed and fastened container does *not* include a vehi-

cle's glove compartment will be given general applicability throughout the statute. Therefore, the district court correctly concluded Johnson's proposed jury instruction was an improper statement of the law in Iowa. The trial court's decision is affirmed.

### III. Ineffective Assistance of Counsel.

Johnson next claims his trial counsel was ineffective in failing to request the jury be instructed on the definition of "on or about the person" under section 724.4(3), and for failing to challenge the "on or about the person" language of section 724.4(3) as constitutionally vague and overbroad.

■■■ **A. Standard of Review.** Normally, "we preserve claims of ineffective assistance of counsel raised on direct appeal for postconviction proceedings to allow full development of the facts surrounding counsel's conduct." *State v. Query,* 594 N.W.2d 438, 444 (Iowa App.1999). Claims of ineffective assistance of counsel may be resolved on direct appeal "when the record is adequate to decide the issue." *Id.* at 444. We review claims of ineffective assistance of counsel de novo. *State v. Brooks,* 555 N.W.2d 446, 448 (Iowa 1996).

■■■ **B. Counsel Was Not Ineffective in Objecting to the Jury Instruction.** Our ultimate concern in claims of ineffective assistance is with the " 'fundamental fairness of the proceeding whose result is being challenged.' " *State v. Risdal,* 404 N.W.2d 130, 131 (Iowa 1987) (quoting *Strickland v. Washington,* 466 U.S. 668, 696, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The burden is on the defendant to prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Risdal,* 404 N.W.2d at 131–32. The test for prejudice is whether a reasonable probability existed that the outcome of the trial would have been different but for counsel's alleged omissions. *State v. Bumpus,* 459 N.W.2d 619, 627 (Iowa 1990). Improvi-

dent trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily constitute ineffective assistance of counsel. *Kane v. State,* 436 N.W.2d 624, 627 (Iowa 1989). Where counsel's decisions are made pursuant to a reasonable trial strategy, we will not find ineffective assistance of counsel. *See Hinkle v. State,* 290 N.W.2d 28, 34 (Iowa 1980). In evaluating counsel's performance, we presume counsel acted competently. *See Risdal,* 404 N.W.2d. at 131.

■■■ Trial counsel specifically objected to a hard and fast definition of the phrase "on or about the person." At times, allowing the jury to define a phrase under a specific set of facts will operate to a defendant's benefit. It empowers the jury to seek justice free from the bonds of legal definitionalism. Trial counsel employed a reasonable trial strategy in objecting to the instruction. The phrase "on or about the person" gave the jury broad latitude to find Johnson not guilty, especially under these facts where the knife was not physically on Johnson's person but rather in the passenger's side glove compartment of his vehicle. We need not reach the prejudice prong as counsel performed competently.

■■■ **C. Iowa Code 724.4(3) Passes Constitutional Muster.** Generally stated, the void-for-vagueness doctrine requires "a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). Merely because creative situations can be abstractly created where a statute may be impermissibly applied does not expose that statute to constitutional attack for overbreadth. *State v. Todd,* 468 N.W.2d 462, 466 (Iowa 1991). The phrase "on or about the person" sufficiently details to the ordinary citizen the

proximity and manner in which dangerous weapons may legally be possessed. Furthermore, it is not so broad or vague as to promote capricious and vindictive enforcement. The phrase is sufficiently narrow to protect the public. Because Iowa Code section 724.4(3) passes constitutional muster, trial counsel cannot be held ineffective for failing to challenge a valid state statute. The conviction is affirmed.

**AFFIRMED.**