STATE of Iowa, Appellant,

v.

Kelly Jay McCOY, Appellee.

No. 99–1152.

Supreme Court of Iowa.

Oct. 11, 2000.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Richard Crowl, County Attorney, and Jon J. Jacobmeier, Assistant County Attorney, for appellant.

Tim Markel, Public Defender's Office, Council Bluffs, for appellee.

TERNUS, Justice.

The defendant was charged with carrying a concealed weapon after he was found in possession of a sword cane—a cane that held the blades of two knives in its shaft. *See* Iowa Code § 724.4(1)-(3) (1999) (defin-

ing the crime of carrying a concealed weapon). The trial court acquitted the defendant, holding that the knives were "inside a closed and fastened container," and therefore fell within an exception to the criminal offense of carrying a concealed weapon. *See id.* § 724.4(4)(*e*) (setting forth an exception to the prohibition of carrying a concealed weapon). We granted the State's application for discretionary review, and now hold that the trial court erred in ruling that the exception applied.

I. *Background Facts and Proceedings.*

During a routine traffic stop, a police officer found the defendant, Kelly McCoy, in possession of a black cane. The top of the cane unscrewed to reveal a 5 1/4 inch sharpened metal blade. The other end also unscrewed, revealing an 18 1/4 inch sharpened metal blade. McCoy was arrested for carrying a concealed weapon in violation of Iowa Code section 724.4(3)(*a*).

McCoy pleaded not guilty and, by agreement of the parties, the case was submitted on a stipulated record. The sword cane was introduced as an exhibit. It is a black, enamel-finished walking stick, with a rubber tip at one end. The cane is approximately 36 inches long and one inch in diameter. It is hollow and has three joints. When unscrewed at the first joint, the top of the cane becomes a handle for a 5 1/4 inch blade. When unscrewed at the middle joint, an 18 1/4 inch blade is exposed with a portion of the cane again serving as the handle.

McCoy argued at trial that the sword cane fell within an exception to section 724.4(3)(*a*) for weapons "inside a closed and fastened container." *See id.* § 724.4(4)(*e*). The State argued that the walking stick was not a container, but rather a disguise for the knives. The trial court ruled that the knives were in a closed and fastened container and, therefore, the cane satisfied the exception. The court found the defendant not guilty of carrying a concealed weapon. This court granted the State's application for discretionary review.

II. *Scope and Standard of Review.*

■■■ The sole issue raised in the State's application for discretionary review concerns the district court's interpretation and application of the statutory exception to the undisputed facts. "Issues of statutory interpretation and application are reviewed for errors at law." *State v. Eickelberg,* 574 N.W.2d 1, 3 (Iowa 1997). *See generally* Iowa R.App. P. 4. This court is not bound by the trial court's determinations of law. *See Eickelberg,* 574 N.W.2d at 3.

■■■ The primary purpose of statutory construction is to determine legislative intent. *See State v. Dann,* 591 N.W.2d 635, 638 (Iowa 1999). This intent is gleaned from the words used by the legislature. *See Lockhart v. Cedar Rapids Community Sch. Dist.,* 577 N.W.2d 845, 847 (Iowa 1998). Words are given their usual and ordinary meaning absent an express legislative definition or a particular meaning in law. *See State v. White,* 545 N.W.2d 552, 555 (Iowa 1996).

III. *Did the District Court Err in Determining that the Sword Cane Fell Within the Exception for Weapons Carried in a "Closed and Fastened Container"?*

Iowa Code section 724.4(3)(*a*) provides that a person who "goes armed with a knife concealed on or about the person" is guilty of an aggravated misdemeanor if the knife has a blade exceeding eight inches in length. This section does not apply, however, to

[a] person who for any lawful purpose carries an unloaded pistol, revolver, or other dangerous weapon *inside a closed and fastened container* or securely wrapped package which is too large to be concealed on the person.

Iowa Code § 724.4(4)(*e*) (emphasis added).

■■■ The dispute in this case centers on whether the walking stick is a "closed and

fastened *container*" within the meaning of the exception. The State argues that the cane is merely a means of disguising the knives and does not constitute the type of container envisioned by the statute.

The legislature did not define the word "container." This court has, however, considered whether a glove compartment is a "container" for purposes of applying a different, yet similar, exception to the carrying–a–concealed-weapon offense. *See State v. Walton*, 429 N.W.2d 133, 133 (Iowa 1988) (interpreting Iowa Code section 724.4(6) (1985), which excludes firearms "inside a closed and fastened container" from the prohibitions of section 724.4). In *Walton*, we held that "a glove compartment, unlike an ordinary container such as a jar or box, is a specialized structure unique to a vehicle" and does not constitute a "container" under the statute. 429 N.W.2d at 134.

Our reference in *Walton* to a jar or box is consistent with the dictionary definition of "container." The word "container" is defined as "one that contains[,] ... a receptacle (as a box or jar)." Webster's Third New International Dictionary 491 (unabr. ed.1993). A "receptacle" is "one that receives and contains something." *Id.* at 1894. The verb "contain" is defined in relevant part as "to have within," "to have capacity for ... be able to hold." *Id.* The dictionary gives the following synonyms for "contain": enclose, include and bound. *See id.*

Based on the common meaning of the word "container," we think the sword cane was not a container for the 18 1/4 inch knife. The facts of this case show that the knife consisted of a blade fastened to a handle. *See generally id.* at 1249 (defining "knife" as "a simple instrument used for cutting consisting of a sharp-edged usu. steel blade provided with a handle"). Although the cane provided a covering for the blade, it did not "hold" or "have within" it the handle. *See id.* at 491 (defining "contain" as "to have within" or "be able to hold"); *cf. New York v. Belton*, 453 U.S.

454, 461 n. 4, 101 S.Ct. 2860, 2864 n. 4, 69 L.Ed.2d 768, 775 n. 4 (1981) (in context of Fourth Amendment search and seizure provision, holding that a "[c]ontainer here denotes any object capable of holding another object"). Therefore, the cane did not "contain" or "enclose" the *knife*, but only the blade of the knife. In other words, the cane functioned as a sheath for the blade of the knife, not as a container for the weapon itself. *See generally Commonwealth v. Walton*, 252 Pa.Super. 54, 380 A.2d 1278, 1279 n. 1 (1977) ("A sword cane looks like an ordinary cane but is in fact a sword with a sheath made to look like the lower part of a cane."). We agree with the State's observation that the cane was not designed or intended to "contain" or hold the knife, but rather to disguise the knife.

IV. *Conclusion and Disposition.*

■ In conclusion, we hold that the cane did not function as a "container" for the knife. Therefore, the trial court erred in holding that the concealed weapon was in a "closed and fastened container" so as to fall within the statutory exemption. We reverse the trial court on this issue, but do not remand because the defendant has already been once put in jeopardy for this offense. *See State v. Schmitz*, 610 N.W.2d 514, 515 (Iowa 2000) (stating that Double Jeopardy Clause protects against a second prosecution for an offense of which the defendant has been previously acquitted).

**REVERSED.**

All justices concur except SNELL, J., who takes no part.