**CITY OF IOWA CITY, A Municipal Corporation, Appellant,**

v.

**STATE BUILDING CODE BOARD OF REVIEW and Scott Kading, Appellees.**

No. 02–0461.

Supreme Court of Iowa.

June 11, 2003.

Susan Dulek, Assistant City Attorney, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Jeanie Kunkle Vaudt, Assistant Attorney General, for appellee State Building Code Board of Review.

Dennis Mitchell of Meardon, Sueppel & Downer, Iowa City, for appellee Scott Kading.

CARTER, Justice.

The City of Iowa City (the city) appeals from the district court's order upholding a reversal by the State Building Code Board of Review (BCBR) of the city's denial of a building permit to Scott Kading. The appellees are Kading and BCBR. It is the city's contention that its actions were undertaken with regard to its own municipal building ordinances and were not properly reviewable by the board. After reviewing the record and considering the arguments of the parties, we agree with the city's contention. We reverse the judgment of the district court.

Kading purchased a building at 13 South Linn Street in Iowa City on September 7, 1999. He intended to open a restaurant business in the basement. That space had previously been occupied by a restaurant licensed for use by the city in 1988. That restaurant went out of business in 1997, and the location remained vacant until Kading purchased the building.

Kading applied for a building permit on July 17, 2000. The application was placed on hold while Kading's architect and a city building inspector explored with state building code officials whether the statewide requirements for accessibility by persons with disabilities established in Iowa Code chapter 104A (1999) and administered by the State Building Code Commissioner (Commissioner of Public Safety), pursuant to Iowa Code section 103A.5(5), might be waived in favor of less restrictive requirements. Ultimately, on August 30, 2000, the Commissioner granted that request.

Notwithstanding the state agency's waiver of the chapter 104A accessibility requirements, which incorporate the standards contained in the state building code, the city, whose municipal building ordinances incorporate the same accessibility standards, but with different rules for the application thereof to the renovation of existing buildings, refused to waive the local ordinance provisions. On November 27, 2000, the city denied Kading's building application for failure to meet the local ordinance accessibility standards.[1]

Kading attempted to appeal the decision of the city building officials to the BCBR. The city challenged the authority of that agency to review the decision of local building authorities. The BCBR accepted jurisdiction and determined that the reno-

---

1. Although there was concern about whether the city's accessibility standard dictated the installation of an elevator to reach the proposed basement restaurant, the city ultimately did not require an elevator as a condition for issuing a building permit for the renovation of the basement area. It did require that there be an "accessible route" to the basement area. Under the city's definition, "accessible route" means

a continuous unobstructed path connecting all accessible elements and spaces in a

building or facility that can be negotiated by a severely disabled person using a wheelchair and that is also safe for and usable by people with other disabilities. Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures. Exterior accessible routes may include parking access aisles, curb ramps, walks, ramps, and lifts.

Iowa City Mun.Code § 1101 (borrowing from the state law definition contained in Iowa Administrative Code rule 661—16.701).

vation project contemplated by Kading at 13 South Linn Street was not subject to the accessibility standards for disabled persons contained in the state building code. After so finding, the agency purported to reverse the action of the local building authority and directed that "Mr. Kading shall be permitted to proceed with his project, as presented to this Board, without complying with the accessibility requirement for providing an accessible path for persons with disabilities." The city filed a petition for judicial review of the BCBR decision, and following a hearing, the district court upheld the action of the BCBR.

## I. *The Issues on Appeal.*

The dispositive issue on appeal is whether the BCBR had authority to overturn the decision of a local building department concerning the application of the city's handicapped accessibility requirements to Kading's renovation project. As a preliminary inquiry in reaching that decision, we examine the rules that govern the determination of Kading's application for a building permit.

The city urges that its local building code is determinative of whether the handicapped accessibility requirements are triggered by Kading's renovation of the basement. Under the city's ordinance, any change in use of the structure for which the building permit is sought requires that the project comply in all respects with the city's building code, including the provisions for accessibility for handicapped persons.[2]

Kading and the BCBR urge that, because the accessibility requirements of chapter 104A have statewide application and purport to incorporate the standards contained in the state building code, that code and the accompanying administrative regulations should govern in deciding whether rehabilitation or renovation projects shall comply with the accessibility rules. The applicable state regulation provides "[a]dditions, alterations or repairs may be made to any building or structure without requiring the existing building or structure to comply with all the requirements of this code provided the additions, alterations or repairs conform to that required for a new building or structure." Iowa Admin. Code r. 661—16.130(3)(*a*). The BCBR concluded that under this regulation Kading was not required to comply with the handicapped-accessibility rules contained in the state building code.

■ We are convinced that the city has the stronger argument on this issue. Iowa Code section 103A.22 provides:

1. Nothing in this chapter shall be construed as prohibiting any governmental subdivision from adopting or enacting any building regulations relating to any building or structure within its limits, *but a governmental subdivision in which the state building code has been accepted and is applicable shall not have the power to supersede, void, or repeal or make more restrictive any of the provisions of this chapter or of the rules adopted by the commissioner.*

2. Nothing in this chapter shall be construed as abrogating or impairing

---

**2.** There is a hotly contested factual issue concerning whether there had been a change of use of the subject premises sufficient to support the city's application of the accessibility requirements. The BCBR concluded that, even if the change-of-use standard were em-

ployed, the facts did not show that there had been a change of use at the subject premises. Because we conclude that the BCBR had no authority to review this issue, the merits of this controversy are not a matter for our consideration.

the power of any governmental subdivision or local building department to enforce the provisions of any building regulations, or the applicable provisions of the state building code, or to prevent violations or punish violators except as otherwise expressly provided in this chapter.

3. The powers enumerated in this chapter shall be interpreted liberally to effectuate the purposes thereof and shall not be construed as a limitation of powers.

(Emphasis added.) We are satisfied that the converse of the language that we have italicized is that a governmental subdivision in which the state building code has not been adopted may adopt more restrictive regulations than those contained in the state building code.

The agency's own rule supports the city's claim that its local ordinance is determinative of whether Kading's renovation project must comply with the handicapped-accessibility rules. Iowa Administrative Code rule 661—16.700(2) expressly provides that "[r]ehabilitation and renovation projects shall be made to comply with these [accessibility] rules whenever the projects are required *by local building code* or the state building code to meet requirements of new construction." (Emphasis added.)

■ We have recognized that the regulations of administrative agencies are subject to the same rules of interpretation that apply in determining the meaning of statutes. *Messina v. Iowa Dep't of Job Serv.*, 341 N.W.2d 52, 56 (Iowa 1983); *Motor Club of Iowa v. Dep't of Transp.*, 251 N.W.2d 510, 518 (Iowa 1977). The words of a statute are to be given their plain and ordinary meaning absent legislative definition or a particular meaning in the law. *State v. Jones*, 524 N.W.2d 172, 174 (Iowa 1994); *Schafer v. Cocklin*, 504 N.W.2d 454,

455 (Iowa 1993). A statutory rule for the interpretation of legislative acts provides that "[w]ords and phrases shall be construed according to the context and the approved usage of the language." Iowa Code § 4.1(38). In this regard, the ordinary grammatical sense of words is to prevail. *Haugen v. Humboldt–Kossuth Joint Drainage Dist.*, 231 Iowa 288, 313, 1 N.W.2d 242, 255 (1941). Because the reference to the local building code and the state building code are stated in the disjunctive, we are convinced that under the agency's regulation a local building ordinance may require renovation projects to comply with the accessibility requirements for new construction in instances where the state building code does not.

## II. Whether the State Building Code Board of Review Had Authority to Review the City's Denial of a Building Permit.

■ Kading, BCBR, and the district court all relied on the following statute in concluding that the board is empowered to reverse the determination made by city officials in the present controversy:

Any aggrieved person may appeal to the board for:

1. A reversal, modification, or annulment of any ruling, direction, determination, or order of any state agency *or local building department* affecting or relating to the construction of any building or structure, *the construction of which is pursuant or purports to be pursuant to the provisions of the state building code.*

2. Review of the disapproval or failure to approve within sixty days after submission of:

*a.* An application for permission to construct *pursuant to the code*, or

*b.* Plans or specifications for construction *pursuant to the code.*

Iowa Code § 103A.16 (emphasis added).

The city argues that this statute only grants the BCBR authority to hear appeals from decisions of local building departments whose municipalities have formally adopted the state building code.

Iowa Code section 103A.12 provides:

The state building code is applicable in each governmental subdivision of the state in which the governing body has enacted an ordinance accepting the applicability of the code and has filed a certified copy of the ordinance in the office of the commissioner and in the office of the secretary of state. The state building code becomes effective in the governmental subdivision upon the date fixed by the governmental subdivision ordinance, if the date is not more than six months after the date of adoption of the ordinance.

Iowa City has not adopted the state building code. Its building code is patterned after the Uniform Building Code published by the International Conference of Building Officials. Section 1100 of the Iowa City code does incorporate the provisions of the state building code dealing with accessibility for the handicapped because those provisions are made applicable statewide by Iowa Code section 103A.5(5).

Kading and the BCBR argue the board may hear appeals from the decisions of local building departments in municipalities where the state building code has not been adopted if the issue involves a provision of the state building code that has statewide application. They urge that section 103A.5(5) establishes that the provisions of the state building code dealing with accessibility for handicapped persons shall apply statewide.

Our decision on the type of appeal that may be considered by the BCBR turns on the meaning of the language "the construction of which is pursuant or purports to be pursuant to provisions of the state building code" in paragraph 1 of section 103A.16 and the words "pursuant to the code" contained in sections 2(a) and 2(b) thereof. Without attempting to identify the types of cases that these words may include, we are confident that they *do not include* the taking of appeals to the BCBR in cases where the issue does not involve the state building code.

We have determined in division I of this opinion that the agency's own administrative regulation empowers local governments to determine that rehabilitation and renovation projects shall comply with the accessibility rules contained in the state building code in situations where state law does not require that this be done. It is Iowa City's effort to do that which is at issue in the present dispute. We are satisfied that the building code board was without authority to overturn the determination of local building officials concerning that issue.

We have considered all issues presented and conclude that the judgment of the district court should be reversed.

**REVERSED.**

All justices concur except LAVORATO, C.J., who takes no part.