# IN THE COURT OF APPEALS OF IOWA

No. 19-0201
Filed June 17, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RANDALL JOHN BIELFELT,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Boone County, Steven J. Oeth, Judge.

        Randall Bielfelt appeals his convictions of four counts of second-degree sexual abuse and four counts of third-degree sexual abuse.  **AFFIRMED**

        Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins and Susan R. Krisko, Assistant Attorneys General, for appellee.

        Considered by Vaitheswaran, P.J., May, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

Randall Bielfelt appeals his convictions of four counts of second-degree sexual abuse and four counts of third-degree sexual abuse. He argues his counsel rendered ineffective assistance in failing to object to the court's instruction to the jury concerning reasonable doubt and the instruction directing the jury to reconcile conflicts in the evidence by accepting the evidence it found more or most believable. He additionally argues his counsel was ineffective in failing to object to the prosecutor's cross-examination of him concerning other allegations of sexual abuse on confrontation and hearsay grounds.

## I.      Standard of Review

Appellate review of claims of ineffective assistance of counsel is de novo.[1] *State v. Gordon*, 943 N.W.2d 1, ___, 2020 WL 2090108, at *2 (Iowa 2020). To succeed on his ineffective-assistance-of-counsel claims, Bielfelt must establish "(1) that counsel failed to perform an essential duty and (2) that prejudice resulted." *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

---

[1] Effective July 1, 2019, section 814.7 was amended to prohibit claims of ineffective assistance of counsel to be raised or decided on direct appeal. 2019 Iowa Acts ch. 140, § 31. Because judgment and sentence were entered prior to the statutory amendment's effective date, it does not apply to Bielfelt's direct appeal. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

**II.    Jury Instructions**

   A.    Reasonable Doubt

During jury selection, the court provided preliminary instructions to prospective jurors.    Among them was the following instruction concerning reasonable doubt:

> The burden is on the State to prove the defendant guilty beyond a reasonable doubt.  A reasonable doubt is one that fairly and naturally arises from the evidence in the case or from the lack or failure of evidence produced by the State.  A reasonable doubt is doubt based upon reason and common sense, the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it.  However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  If after a full and fair consideration of all the evidence you are firmly convinced of the defendant's guilt, then you have no reasonable doubt and you should find the defendant guilty.  But if after a full and fair consideration of all the evidence in the case or from the lack or failure of evidence produced by the State you are not firmly convinced of the defendant's guilt, then you have a reasonable doubt and you should find the defendant not guilty.

Immediately thereafter, the court explained:

> Now that's a lot, okay?  And when I give you the instructions, you'll have this in front of you to read and go over.  But the language that I kind of like that helps me think about it is "firmly convinced," okay?  And it's kind of like buying a house.  Both my kids just bought houses here recently and they talked to me about it and I said, hey, you know, think about it, it's a pretty important decision, you know, nothing's ever perfect, but you've got to just make sure you're firmly convinced it's the right move after you have considered all the different things.  So it's kind of like this.  You're going to have a lot of different things to think about and are you firmly convinced or not?  If you're firmly convinced, then the State has met their burden.  If you are not firmly convinced, the State hasn't met their burden.

On appeal, Bielfelt argues his counsel was ineffective in failing to object to the court's statement "equating reasonable doubt to the act of purchasing a home"

because the statement "suggests a higher degree of doubt that is required for acquittal under the reasonable-doubt standard."

But Bielfelt makes no challenge to the propriety of the final instructions provided to the jury following the presentation of the evidence and prior to deliberation. At that time, the court instructed the jury it "must determine the defendant's guilt or innocence from the evidence and the law and these instructions." The court went on to instruct:

> The burden is on the State to prove the defendant guilty beyond a reasonable doubt. A reasonable doubt is one that fairly and naturally arises from the evidence or lack of evidence produced by the State.
> If, after a full and fair consideration of all the evidence, you are firmly convinced of the defendant's guilt, then you have no reasonable doubt and you should find the defendant guilty.
> But if, after a full and fair consideration of all the evidence or lack of evidence produced by the State, you are not firmly convinced of the defendant's guilt, then you have a reasonable doubt and you should find the defendant not guilty.

Furthermore, this is not the type of situation in which court used words suggesting a higher degree of doubt, such as "grave uncertainty" or "substantial doubt." *See Victor v. Nebraska*, 511 U.S. 1, 5–6, 20 (1994) (discussing *Cage v. Louisiana*, 498 U.S. 39, 40–41 (1990)). The question as to whether prejudice resulted from counsel's failure to object to the court's pre-trial statement turns on "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the [beyond-a-reasonable-doubt] standard." *See id.* at 6. Upon our de novo review, we find no reasonable likelihood that the jury understood the court's comparison either as suggesting a lower standard of proof or allowing the jury to convict on factors other than the State's

proof. *Cf. id.* at 16. As such, we conclude counsel did not breach an essential duty and no prejudice resulted.

B.      Credibility of Evidence

Also during jury selection, the court provided the following preliminary jury instruction: "Decide the facts from the evidence. Consider the evidence using your observations, common sense and experience. Try to reconcile any conflicts in the evidence; but if you cannot, accept the evidence you find most believable."[2] In its final instructions, the court similarly directed the jury to "accept the evidence it finds more believable." Bielfelt claims the instructions are "incorrect statement[s] of the law on multiple levels." Specifically, he claims the instructions are "contrary to [his] constitutional presumption of innocence," inconsistent with other instructions, and amounts to a civil standard of proof by preponderance of the evidence.

The challenged instruction is one of our state bar association's model instructions. We begin with the principle that Iowa courts are "slow to disapprove of the uniform jury instructions." *State v. Ambrose*, 861 N.W.2d 550, 559 (Iowa 2015). And we have condoned the use of the challenged instruction on multiple occasions as a correct statement of the law. *See, e.g.*, *State v. Payne*, No.16-1672, 2018 WL 1182624, at *9 (Iowa Ct. App. Mar. 7, 2018); *Braggs v. State*, No.

---

[2] The instruction additionally provided:

In determining the facts you will have to decide what testimony you believe. You may believe all, part or none of any witness's testimony. There are many factors you may consider in deciding what testimony to believe. One, whether the testimony is reasonable and consistent with other evidence you believe; two, whether a witness has made inconsistent statements; three, the witness's appearance, conduct, age, intelligence, memory and knowledge of the facts; and four, the witness's interest in the trial, their motive, candor, bias and prejudice.

11-0942, 2013 WL 2637810, at *1 (Iowa Ct. App. June 12, 2013); *Moon v. State*, No 05-0816, 2007 WL 1345732, at *8 (Iowa Ct. App. May 9, 2007); *State v. Campbell*, 02-1444, 2004 WL 433713, at *2 (Iowa Ct. App. Mar. 10, 2004); *State v. Marshall*, No. 01-1117, 2002 WL 31308598, at *4 (Iowa Ct. App Oct. 16, 2002). We find Bielfelt's challenge to the uniform instruction unpersuasive and conclude counsel was under no duty to object to its use.

### III.    Prior Allegations

Next, Bielfelt argues his counsel was ineffective in failing to object to questions on cross-examination concerning prior allegations of sexual abuse by other alleged victims on confrontation and hearsay grounds.

On direct examination, counsel questioned Bielfelt, "[W]as there ever an allegation made by any of [his foster] children that [he] had acted inappropriately?" The State requested the opportunity to make a record outside of the jury's presence. In the ensuing conference, the State noted its knowledge that two other children made allegations against Bielfelt in the past. Defense counsel acknowledged he was opening the door to the past allegations and advised it was part of trial strategy. Thereafter, Bielfelt testified he was previously the subject of sexual-abuse allegations and an investigation was completed, after which no other foster care children were removed from his care and his foster care license was not affected. On cross-examination, the prosecution questioned if Bielfelt was referring to an incident in which two teenage girls alleged he touched them inappropriately. Bielfelt responded he was only aware of a prior investigation involving one child.

On appeal, Bielfelt argues the prosecutor's cross-examination concerning prior allegations of sexual abuse violated his right to confrontation and the responsive testimony was inadmissible hearsay. He argues his trial attorney rendered ineffective assistance in failing to object. The State responds defense counsel strategically placed the existence of prior unfounded allegations of sexual abuse before the jury and, having opened the door, was under no duty to object when the State cross-examined Bielfelt about the prior allegations.

"Where counsel's decisions are made pursuant to a reasonable trial strategy, we will not find ineffective assistance of counsel." *State v. Johnson*, 604 N.W.2d 669, 673 (Iowa Ct. App. 1999). Even "[i]mprovident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily constitute ineffective assistance of counsel." *Id.* It appears counsel wanted to place the issue of prior unfounded allegations of sexual abuse before the jury because, if it was concluded that prior allegations following a formal investigation were untrue, it would stand to reason that the current allegations were untrue. We find this to be a somewhat reasonable strategy, and thus conclude counsel was under no duty to object when the State also touched on the issue. In any event, we find no reasonable probability of a different outcome had the information never been placed before the jury and, as such, Bielfelt suffered no prejudice. *See State v. Booth-Harris*, ___ N.W.2d ___, ___, 2020 WL 1966529, at *11 (Iowa 2020). The evidence was that Bielfelt was accused of sexual abuse, which was unfounded, in the neighborhood of two decades ago. We find the brief evidence of never-confirmed allegations had very little, if any, effect on the jury's verdict.

**IV.    Conclusion**

Having concluded counsel was not ineffective as alleged, we affirm Bielfelt's criminal convictions.

**AFFIRMED.**