# IN THE COURT OF APPEALS OF IOWA

No. 20-1109
Filed August 4, 2021

**JAZMOND DEANTRA TURNER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Jazmond Turner appeals the denial of his postconviction-relief action. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and May, JJ.

**MAY, Judge.**

Jazmond Turner appeals the denial of his postconviction-relief (PCR) action. We affirm.

Jazmond, Kendale Turner, and Keenan Lewis agreed to steal marijuana from Ramon March.[1] *State v. Turner*, No. 16-1161, 2017 WL 1278298, at *1 (Iowa Ct. App. Apr. 5, 2017). Jazmond and Keenan entered Ramon's house while Kendale waited in the getaway car. *Id.* They escaped with Ramon's marijuana plus some Jordan shoes. *Id.* Ramon told police he had been robbed at gun point. He identified Jazmond as the one who placed a gun to his head.

The State charged all three with robbery in the first degree and conspiracy to commit a forcible felony. *Id.* The State also charged Jazmond with possession of a firearm as a felon. *Id.* Jazmond waived his right to jury trial. *Id.* The trial judge heard testimony from several witnesses, including Kendale, who testified for the State as part of a plea deal. *Id.* Ultimately, the court acquitted Jazmond on the charges of robbery in the first degree and felon in possession. *Id.* But the court found Jazmond guilty of conspiring to commit the forcible felony of robbery. Jazmond appealed, and this court affirmed. *Id.*

This PCR action followed. The PCR court denied relief. Jazmond appeals. He claims the PCR court erred in failing to find his trial counsel was ineffective.

We review Jazmond's claim de novo. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). To prevail on his ineffective-assistance-of-counsel claim, Jazmond "must demonstrate '(1) his trial counsel failed to perform an essential duty, and (2)

---

[1] Because the applicant shares a surname with another player in this story, we refer to all individuals by their first name.

this failure resulted in prejudice.'" *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011). We will not find counsel has breached an essential duty if "counsel's decisions are made pursuant to a reasonable trial strategy." *State v. Johnson*, 604 N.W.2d 669, 673 (Iowa Ct. App. 1999). We will not find prejudice unless "a reasonable probability existed that the outcome of the trial would have been different but for counsel's alleged omissions." *Id.*

The gist of Jazmond's claim is that his trial counsel should have impeached Kendale with prior inconsistent deposition testimony. At trial, Kendale testified that Jazmond, Keenan, and he had agreed to take the marijuana "by any means necessary," including keeping Ramon from stopping them. This was important testimony: The district court ultimately relied on it when determining the State had proven a conspiracy to commit a forcible felony. In Jazmond's view, though, this important testimony was not consistent with some of Kendale's deposition testimony. In particular, Jazmond highlights Kendale's deposition testimony that the conspirators had not planned to "accompany" their theft with any "threats or intimidation," use of weapons, assaults, or "anybody getting hurt." Jazmond contends his attorney should have used these excerpts from Kendale's deposition to impeach Kendale.

Like the PCR court, however, we do not believe that counsel's failure to impeach Kendale was a breach of any professional duty. For one thing, although some portions of Kendale's deposition testimony may seem inconsistent with his "by any means necessary" trial testimony, other portions *are* consistent. Consider this excerpt from Kendale's deposition:

Q. What was in your agreement with Keenan and Jazmond as to what level of force might be employed to get the marijuana from Ramon? A. *Any force necessary* if you got to. I mean, however you got to get it, get the marijuana. If you got to—I don't know, just ask him for it, threaten him for it, whatever, make sure you walk out with the marijuana.

(Emphasis added.)

So, as the PCR court properly recognized, "any effort at impeachment would have been countered by the State with *other* deposition testimony"—like the excerpt above—that closely matched Kendale's "any means necessary" trial testimony. And so any attempt to impeach Kendale on this point would probably have been unproductive.

Indeed, it could have been *counterproductive*. As the PCR court explained, because of the first-degree robbery and felon-in-possession charges

The issue of whether a weapon was involved was also important. In his pretrial deposition, the alleged victim, Ramon March, testified [Jazmond] pointed a gun at him inside the apartment to further the robbery. Kendale Turner, in his pretrial deposition, denied that any of the three co-defendants was armed with a gun. [Jazmond's trial counsel] did not know for sure whether or not March would testify, but if he did, *it was important for the trial judge to find Turner's testimony about the lack of a firearm credible.*

(Emphasis added.)

Like the PCR court, we believe it "would be a reasonable tactical decision not to impeach a witness whom you rely on to establish an important point"—like Jazmond's "lack of a firearm"—"especially when the grounds for impeachment are nebulous at best."

All things considered, we agree with the PCR court that Jazmond has failed to prove his ineffective-assistance-of-counsel claim. Declining to impeach Kendale was a reasonable tactical choice; it was not a breach of any essential

duty.  *See Johnson*, 604 N.W.2d at 673.  And we see no reasonable probability that impeachment would have led to a more favorable outcome for Jazmond.  *See id.*

The PCR court was right to deny Jazmond's application.

**AFFIRMED.**