**MISSISSIPPI VALLEY SAVINGS & LOAN ASSOCIATION, Appellant,**

v.

**L. A. D., INC. et al, Appellees.**

No. 66152.

Supreme Court of Iowa.

March 17, 1982.

James F. Fisch and Robert A. Engberg of Pryor, Riley, Jones & Aspelmeier, Burlington, for appellant.

Ken Rittmer, City Atty., Burlington, for appellee City of Burlington.

Considered by LeGRAND, P. J., and McCORMICK, ALLBEE, McGIVERIN, and LARSON, JJ.

LeGRAND, Justice.

This action was brought to determine the priority of liens between Mississippi Valley Savings & Loan Association (Mississippi Valley) and the City of Burlington (City). Originally there were other parties, but only the interests of Mississippi Valley and the City are involved in this appeal. The trial court held the City's lien has preference. We reverse and remand.

The facts are undisputed and the result depends solely on the construction of several applicable statutes. Briefly stated, the facts are these. Mississippi Valley filed a petition against L. A. D., Inc., asking for foreclosure of two mortgages against real estate upon which the Hotel Burlington is located. The total amount of the encumbrances is $260,000.

The City claims liens under section 384.-84(1), The Code 1979, in the amount of $45,840.69 for sewer service fees against this same real estate. The two Mississippi Valley mortgages were recorded prior to the time the sewer fees became due. It is conceded both Mississippi Valley and the City have valid and enforceable liens against this real estate. The sole question is which has priority. Unquestionably the mortgage liens are superior to the City's

claim unless section 384.84(1) provides otherwise. That statute states, in pertinent part, as follows:

The [City] may establish, impose, adjust, and provide for the collection of rates to produce gross revenues at least sufficient to pay the expenses of operation and maintenance of the city. . . . Rates must be established by ordinance of the council or by resolution of the trustees, published in the same manner as an ordinance. *All rates or charges for the services of sewer systems, sewage treatment, solid waste collection, solid waste disposal, or any of these, if not paid as provided by ordinance of council, or resolution of trustees, shall constitute a lien upon the premises served by any of these services and may be certified to the county auditor and collected in the same manner as taxes.*

(Emphasis added.)

The City says this section overcomes the general rule that accords priority to competing liens in the order in which they are recorded and become attached to the encumbered property. More specifically, it is argued the statute gives the City preference because it authorizes the collection of charges for sewer services "in the same manner as taxes."

■■ The usual rules of statutory construction prevail. Our principal task is to determine the intention of the legislature. In doing so, we give the language used its usual and ordinary meaning unless a contrary intent appears evident. Liens created by statute may be given priority over existing encumbrances but only if the legislature declares them to have preference.

■ The City admits that liens under section 384.84 are not expressly given priority but argues this result must be reached by necessary implication, calling attention to this court's statement in *Linn County v. Steele*, 223 Iowa 864, 867, 273 N.W. 920, 921 (1937):

Whether [a] statutory tax lien is paramount to other liens upon the property depends upon whether the Legislature intended it to be such, and this intent must

be ascertained from the express language of the statute or by necessary implication.

Although this serves to point up the issue, it does little to solve the problem, particularly when it is read in context with this additional language from *Linn County*:

"There can be no question that the Legislature had the right to make taxes a paramount lien by so declaring by statute, but in the absence of such declaration, taxes declared to be a lien are not a first lien. *Bibbins v. Clark & Co.*, 90 Iowa 230, 57 N.W. 884, 59 N.W. 290, 29 L.R.A. 278."

It will be noticed that the authority cited in support of this statement of the court is *Bibbins v. Clark & Co.*, and in that case the court had under consideration that particular provision of the statute making taxes upon personal property a lien upon the real estate owned by the taxpayer, and the court said: "Now, our statute does not provide, either *expressly or by implication*, that taxes due upon personal property shall be a lien upon real estate owned by such person, superior to any lien then existing thereon. It simply says, as to such taxes, they shall be a lien upon any real estate he owns, or which he may afterwards acquire. To hold that a mere statutory creation of a lien upon real estate, *without more*, is equivalent to, and to be construed as, creating a lien superior to existing liens thereon, is, as it seems to us, not only overriding all rules of construction, but it is inconsistent with our holding in the construction of other statutes where similar language is employed." (Italics ours.)

*Id.* at 872, 273 N.W. 923–24.

Assuming these sewer charges are to be treated as taxes for present purposes, we are unable to say the statutory directive that they may be collected in the same manner as taxes grants them priority over Mississippi Valley's prior recorded mortgage liens.

The language fails to support the City's argument that we should reach this result, as did the trial court, by implication.

■ Power, authority, and legislative intent may all be determined not only from

the specific provisions of a statute but also from the necessary implications arising therefrom. It is not enough that the power sought to be implied would be convenient or desirable. It must be necessary and essential to carrying out the purposes of the statute. *Koelling v. Board of Trustees of Mary F. Skiff Memorial Hospital*, 259 Iowa 1185, 1194, 146 N.W.2d 284, 290 (1966); *Gilchrist v. Bierring*, 234 Iowa 899, 906, 14 N.W.2d 724, 728 (1944); 82 C.J.S. *Statutes* § 327 (1953); 2A *Sutherland Statutory Construction* §§ 55.03–.04 (Sands 4th ed. 1973).

This brings us to the matter of deciding what the authority granted in section 384.84(1) to collect the sewer charges "in the same manner as taxes" imports. The term has generally been interpreted to refer to procedure rather than substance. It ordinarily means simply the method by which collection is to be accomplished. Support for this view may be found in our own case of *James Black Dry Goods Co. v. Board of Review for City of Waterloo*, 260 Iowa 1269, 151 N.W.2d 534 (1967). That case dealt with a controversy over the assessed value of real estate for tax purposes. The applicable statute, § 441.37, The Code 1962, allowed a protest to an assessment "in the same manner and upon the same terms as heretofore described in this section." The taxpayer argued this authorized a review and reassessment in interim years on the same grounds as in assessment years. In rejecting this theory, we said:

> The words "same manner and upon the same terms" do not refer to the grounds of complaint. They refer to how and when an interim year protest shall be heard.

*Id.* at 1277, 151 N.W.2d at 539.

Under varying circumstances, other courts have reached similar results. *See, e.g., Wilder's S.S. Co. v. Low*, 112 F. 161, 164 (9th Cir. 1901) ("in the same manner" has well understood meaning in legislation as dealing with procedure); *Viculin v. Department of Civil Service*, 386 Mich. 375, 397, 192 N.W.2d 449, 461 (1971) ("in the same manner" refers to procedural matters and does not determine scope of appeal); *Commonwealth v. Hildebrand*, 139 Pa.Super.Ct. 304, 307, 11 A.2d 688, 689 (1940) ("in the same manner" deals with procedure, not substance).

We adopt this as the correct rule here. We would be unduly extending the meaning and intent of section 384.84(1) were we to say the statute made the City's claim a first lien superior to the mortgages of Mississippi Valley. In reaching this conclusion we have examined all the authority relied on by the City and find it unpersuasive, either because of significant differences in statutory language or because we disagree with the rationale employed. The City's position is further weakened by the fact the legislature made express provision for lien preference regarding special assessments levied under sections 384.64–.65, The Code. We assume the failure to afford like status to liens created by section 384.84 was intentional.

We reverse the judgment establishing the City's liens for sewer service as superior to the mortgage liens of Mississippi Valley and remand for entry of a judgment in favor of Mississippi Valley.

REVERSED AND REMANDED.