**STATE of Iowa, Plaintiff–Appellee,**

v.

**William Clinton MEYER,
Defendant–Appellant.**

No. 04–2053.

Court of Appeals of Iowa.

Sept. 14, 2005.

Linda Del Gallo, State Appellate Defender, and Greta Truman, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, David Patton, County Attorney, and Rick Kimble, Assistant County Attorney, for appellee.

Considered by VOGEL, P.J., and MILLER and HECHT, JJ.

HECHT, J.

William Meyer appeals from his sentence following the entry of his guilty pleas. We now affirm.

## I. Background Facts and Proceedings.

On November 3, 2003, a trial information was filed by the State charging William Meyer with two counts of delivery of a simulated controlled substance [1] (methamphetamine) in violation of Iowa Code section 124.401(1)(c) (2001), and one count of delivery of a controlled substance (marijuana) in violation of section 124.401(1)(d). Meyer subsequently agreed to enter guilty pleas to the two counts of delivery of a simulated controlled substance. On September 13, 2004, the district court accepted the guilty pleas and scheduled the matter for sentencing.

At Meyer's sentencing hearing on November 22, 2004, counsel for Meyer argued the 180–day driver's license revocation mandated in section 901.5(10)(a) for any "controlled substance offense" should not be applied to Meyer because he was not found guilty of delivering an actual controlled substance. The State resisted, contending the legislature intended the penalty of license revocation to be imposed for all offenses contemplated in section 124.401 whether the substance involved was actually a controlled substance or merely a simulated one. The district court rejected Meyer's contention and concluded an offense involving a simulated controlled substance was within the purview of section 901.5(10). The district court therefore imposed and suspended a term of imprisonment not to exceed ten years and ordered the Iowa Department of Transportation to revoke Meyer's driver's license for 180 days. Meyer appeals.

## II. Scope and Standard of Review.

Questions of statutory interpretation are reviewed for correction of errors at law. *State v. Stanford,* 474 N.W.2d 573, 575 (Iowa 1991). In interpreting statutes "our ultimate goal is to ascertain and give effect to the intention of the legislature." *Harden v. State,* 434 N.W.2d 881, 884 (Iowa 1989). We look first to the language of the statute itself, reading the statute as a whole. *Hamilton v. City of Urbandale,* 291 N.W.2d 15, 17 (Iowa 1980). In doing so, we accord the language its plain and obvious meaning as well as its most sensible and logical construction. *Id.* Additionally, we will not construe a statute in such a way that would produce impractical or absurd results. *United Fire Cas. Co. v. Acker,* 541 N.W.2d 517, 519 (Iowa 1995).

## III. Discussion.

Section 901.5(10) reads, in relevant part:

The court shall order the state department of transportation to revoke the defendant's driver's license ... for a period of one hundred eighty days ... if the defendant is being sentenced for any of the following offenses: (a) A *controlled substance offense* under section 124.401, 124.401A, 124.402, or 124.403.

(Emphasis supplied). From the plain language of the statute, it is clear the sentencing court is required to order a defendant's driver's license revoked if he is sentenced for an offense imposed under section 124.401. The crux of Meyer's appeal is rooted in the meaning the legislature intended to attach to the phrase "controlled substance offense."

The State argues "controlled substance offense" should be viewed as a descriptive reference for any offense falling within section 124.401. Chapter 124, which is titled "Controlled Substances," criminalizes the delivery, manufacture or possession of actual controlled substances. It

---

**1.** A simulated controlled substance is not actually a controlled substance, but rather a substance "expressly represented to be a controlled substance," or "impliedly represented to be a controlled substance" based on its appearance or the manner in which it is packaged. Iowa Code § 124.101(25) (2001).

also prohibits delivery, manufacture, or possession of simulated and counterfeit controlled substances. Meyer contends the legislature's use of the phrase "controlled substance offense" evidences an intent to exempt from section 901.5(10)(a)'s mandatory revocation penalty any offense within section 124.401 not involving an actual controlled substance.

The phrase "controlled substance offense" is ambiguous in our view because we find it susceptible to both reasonable interpretations set forth by the parties. *See State v. Albrecht,* 657 N.W.2d 474, 479 (Iowa 2003) (noting that where reasonable minds could differ or be uncertain as to the meaning of a statutory term, the term is ambiguous). When at least two interpretations of a statute are reasonable, we turn to statutory construction to settle the ambiguity. *Nash Finch Co. v. City Council of the City of Cedar Rapids,* 672 N.W.2d 822, 827 (Iowa 2003). In applying the rules of statutory construction, we strive to interpret each provision of the statute "in a manner consistent with the statute as an integrated whole." *Griffin Pipe Prods. Co. v. Guarino,* 663 N.W.2d 862, 864 (Iowa 2003). In this case, the ambiguity we must resolve in section 901.5(10) implicates the wide range of drug-related criminal statutes referenced in that section, and we therefore consider the language and purpose of each relevant statute together in an effort to harmonize them. *State v. Dann,* 591 N.W.2d 635, 638 (Iowa 1999).

Applying the rules of interpretation set forth above to the statutes at issue, we note that section 124.401(1)(c) is violated regardless of whether the substance possessed, delivered, or manufactured is a controlled substance, a counterfeit substance, or a simulated controlled substance. The penalty to be imposed is also identical; any violation of the section is considered a class "C" felony and is sub-ject to the same range of statutory fines. Iowa Code § 124.401(1)(c). The fact the penalties indicated in section 124.401(1)(c) are identical regardless of the authenticity of the substance actually possessed, delivered, or manufactured by the defendant leads us to conclude that in drafting section 901.5(10), the legislature likewise intended to punish all those found in violation of section 124.401 with the 180–day revocation of their driving privileges without regard to the authenticity of the substance involved.

If the legislature had intended to limit the revocation penalty to offenses involving the delivery, manufacture, or possession of an actual controlled substance, they could have (1) clearly defined the term "controlled substance offense" to exclude simulated and counterfeit substances; (2) moved simulated and counterfeit controlled substance offenses outside section 124.401 instead of grouping them together with offenses involving actual controlled substances; or (3) provided a specific exemption within section 901.5(10) where the substances delivered, manufactured, or possessed were counterfeit or simulated controlled substances. *See TLC Home Health Care, L.L.C. v. Iowa Dept. of Human Services,* 638 N.W.2d 708, 715 (Iowa 2002) (noting the legislature's failure to include an explicit exception for insulin injections in the Iowa Medicaid statute, and concluding that "[i]f the legislature intends such an exception, it is its duty, not the court's, to provide the exception in the statute"). The fact the legislature chose none of these alternatives leads us to believe Meyer's interpretation of section 901.5(10) was not intended by our legislature. That the legislature instead chose to punish in the same manner all those who deliver, manufacture, or possess a particular controlled substance without regard to its authenticity is clearly supported by

both the statutory language and the over-arching structure of punishment in this area of the criminal law. Because Meyer was guilty of an offense falling within section 124.401, the district court properly revoked Meyer's driver's license, and we therefore affirm Meyer's convictions and sentence.

**AFFIRMED.**