# IN THE COURT OF APPEALS OF IOWA

No. 13-0831
Filed July 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARIN DWAYNE WARE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.


        The defendant appeals his sentences for delivery of a simulated controlled substance, delivery of a controlled substance, and two counts of possession of a controlled substance with intent to deliver.  **AFFIRMED.**


        Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephan Bayens, Assistant County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Darin Ware appeals his sentences for delivery of a simulated controlled substance, delivery of a controlled substance, and two counts of possession of a controlled substance with intent to deliver. Ware waived his claim his sentence of sixty-five years in prison constitutes cruel and unusual punishment. He has not shown he received ineffective assistance of counsel due to defense counsel's failure to (1) present an argument advocating for Ware to attend substance abuse treatment, which Ware believed would make him eligible for probation, (2) argue that his sentence could have been reduced because he cooperated in the prosecution of other persons involved in the sale or use of controlled substances, and (3) fully investigate the allegations in this matter through discovery requests and a motion to suppress. We affirm.

## I.     Background Facts & Proceedings

Ware was charged with eleven drug-related charges. He entered into a plea agreement in which he agreed to plead guilty to four of the charges and the remainder would be dismissed. On March 18, 2013, Ware pled guilty to delivery of a simulated controlled substance as a second or subsequent offender, in violation of Iowa Code sections 124.401(1)(c)(2)(b) and 124.411 (2011), a class "C" felony; possession of a controlled substance (methamphetamine) with intent to deliver as a second or subsequent offender, in violation of sections 124.401(1)(b)(7) and 124.411, a class "B" felony; possession of a controlled substance (marijuana) with intent to deliver as a second or subsequent offender, in violation of sections 124.401(1)(d) and 124.411, a class "D" felony; and

delivery of a controlled substance (methamphetamine) as a second or subsequent offender, in violation of sections 124.401(1)(c)(6) and 124.411, a class "C" felony. The district court accepted Ware's guilty pleas.

Under section 124.411(1), as a second or subsequent offender Ware was facing up to 150 years in prison for the offenses he pled guilty to. Pursuant to the plea agreement, the parties jointly agreed to recommend certain sentences that would give Ware up to sixty-five years in prison. At the sentencing hearing the prosecutor and defense counsel both recommended Ware receive a sentence of sixty-five years in prison. The court sentenced Ware to terms of imprisonment not to exceed ten years, sixty-five years, five years, and ten years, to be served concurrently, for a total term of imprisonment of sixty-five years. Ware was required to serve a mandatory minimum one-third of his sentence, and the court reduced that by one-third because Ware had accepted responsibility by pleading guilty. Ware has appealed his sentences.

## II.     Eighth Amendment

Ware claims his sentence of sixty-five years in prison constitutes cruel and unusual punishment. Ware does not provide any argument or legal citations to support his claim the sentence constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution. A party's "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue." Iowa

R. App. P. 6.903(2)(g)(3). We conclude this issue has been waived.[1] *See State v. Root*, 801 N.W.2d 29, 30 n.1 (Iowa Ct. App. 2011).

### III.     Ineffective Assistance

Ware claims he received ineffective assistance from defense counsel at his sentencing hearing. We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

**A.**     Ware claims defense counsel should have presented an argument advocating for Ware to attend substance abuse treatment, which he believes would make him eligible for probation under section 124.409.

When the prosecutor set out the parties' plea agreement for the record, he stated,

> Furthermore, at the time of sentencing the parties will jointly recommend that in FECR261250 Mr. Ware be sentenced to an indeterminate term of incarceration not to exceed 65 years with a requirement he serve one-third of that time prior to being eligible for parole, and we will urge the Court to reduce that one-third by one-third for his acceptance of responsibility, that he will be sentenced to an indeterminate term not to exceed ten years in FECR253709,

---

[1]  If we were to address this issue we would note Ware has a lengthy criminal history and "[l]engthy sentences are more likely to be constitutional when imposed on offenders with lengthy criminal histories." *See State v. Oliver*, 812 N.W.2d 636, 650-51 (Iowa 2012).

again, with a mandatory minimum one-third, that he be sentenced to an indeterminate term not to exceed five years in FECR262011, and that he serve an indeterminate term not to exceed ten years in FECR262640, with each of those three being ordered to be served concurrently to that 65-year prison sentence in FECR261250.

Defense counsel agreed this was an accurate statement of the plea agreement. Additionally, Ware stated he understood the terms of the plea agreement.

Thus, under the terms of the plea agreement the parties were required to "jointly recommend" the prison sentences that were ultimately imposed by the court. In essence, Ware contends defense counsel should have argued for something different than what the parties had agreed to as part of the plea agreement. A violation of the terms of a plea agreement requires reversal of the conviction. *See State v. Fannon*, 799 N.W.2d 515, 520 (Iowa 2011). On appeal, however, Ware does not ask to withdraw his guilty plea; he asks only to have his sentences reversed.

Even if we were to find defense counsel could have legitimately argued for a different sentence than that which was part of the plea agreement, Ware was not eligible for probation. Section 907.3(3)(e) provides the court may not suspend the sentence for "a violation of section 124.401, subsection 1, paragraph 'a' or 'b,' and the controlled substance is methamphetamine." Ware pled guilty to possession of a controlled substance (methamphetamine) with intent to deliver as a second or subsequent offender, in violation of section 124.401(1)(b)(7). We conclude the more specific provision in section 907.3(3) applies rather than the general provision of section 124.409. *See State v. Kramer*, 773 N.W.2d 897, 900 (Iowa Ct. App. 2009) (noting a specific sentencing

statute controls over a general sentencing statute). We conclude Ware has not shown he received ineffective assistance due to counsel's failure to raise this meritless issue. *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013).

**B.** Ware also argues defense counsel should have argued that his sentence could have been reduced under section 901.10(2) because he cooperated in the prosecution of other persons involved in the sale or use of controlled substances.

Section 901.10(2) provides:

> If the defendant cooperates in the prosecution of other persons involved in the sale or use of controlled substances, and if the prosecutor requests an additional reduction in the defendant's sentence because of such cooperation, the court may grant a further reduction in the defendant's mandatory minimum sentence, up to one-half of the remaining mandatory minimum sentence.

There are two requirements for application of this section: (1) the defendant has cooperated in the prosecution of other persons involved in the sale and use of controlled substances; and (2) "the prosecutor requests an additional reduction based upon such cooperation." *State v. Johnson*, 630 N.W.2d 583, 587 (Iowa 2001). A reduction is dependent upon a prosecutor's request, giving the prosecutor the power to prevent any reduction at all. *Id.* at 589.

Leaving aside the issue of whether Ware cooperated in the prosecution of others, the prosecutor in this case did not request a reduction of his sentence based on cooperation. Because one of the two requirements was not met, section 901.10(2) does not apply. Ware has not shown he received ineffective assistance due to counsel's failure to raise this meritless issue. *See Brothern*, 832 N.W.2d at 192.

**C.** Ware claims defense counsel failed to "fully investigate the allegations in this matter through the discovery requests and a motion to suppress." Ware does not assert what he believes further investigation would have discovered. Nor does he assert the result of the proceeding would have been different, that he would not have accepted the plea agreement, if defense counsel had engaged in further investigation. "When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 199). A defendant "must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Id.* We conclude Ware has not adequately alleged how he received ineffective assistance of counsel to permit us to address the issue.

We affirm Ware's convictions and sentences.

**AFFIRMED.**