# IN THE COURT OF APPEALS OF IOWA

No. 14-0797
Filed April 6, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ASCENCION ANIBAL VARGAS,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

　　　　Defendant appeals his conviction for possession of a simulated controlled substance with intent to deliver. **CONVICTIONS AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**

　　　　Joseph C. Glazebrook of Glazebrook, Moe, & Hurd, L.L.P., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Timothy M. Hau and Tyler J. Buller, Assistant Attorneys General, for appellee.

　　　　Heard by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Defendant Ascencion Vargas appeals his conviction for possession of a simulated controlled substance with intent to deliver. We find the parties and the district court improperly believed a prison sentence was mandatory, as probation was not considered. We also find Vargas did not receive ineffective assistance due to defense counsel's failure to claim Iowa Code section 901.10 (2013) unconstitutionally punishes those who exercise their right to a jury trial. We affirm Vargas's conviction, vacate his sentence, and remand for resentencing.

## I.        Background Facts & Proceedings

Vargas was charged with possession of more than five grams of a simulated controlled substance with intent to deliver, in violation of section 124.401(1)(b)(7) (2013), a class B felony, and failure to affix a drug tax stamp, in violation of sections 453B.3 and 453B.12, a class "D" felony. The State alleged the substance was simulated methamphetamine. After a jury trial, Vargas was found guilty of the offenses charged.

At the sentencing hearing, the prosecutor stated, "[B]eing convicted of a Class B methamphetamine—or simulated methamphetamine case, prison is mandatory in this case." Defense counsel agreed, stating, "I would concur with the same recommendations made by the State. [The prosecutor] is correct that on Count I it does require a prison sentence with a mandatory minimum of one-third of that sentence."

The district court stated it looked at various factors, including prior convictions and the fact the present offense occurred while Vargas was on probation for a previous offense. The court stated:

But the legislature, in its wisdom, has created a crime set for the sale or the possession of intent to sell a simulated drug, which carries the same penalties as that for an actual controlled substance. The legislature sets the law in the state, and it's the job of the Court to enforce the laws as it's written by the legislature.

The jury, having found you guilty of that crime, it is my responsibility as a judge to impose judgment consistent with the laws set forth by the legislature in the findings of the jury, and that's what I will be doing in this case.

The court sentenced Vargas to a term of imprisonment not to exceed twenty-five years on the charge of possession with intent to deliver and five years on the charge of failure to affix a drug tax stamp, to be served concurrently. The court did not mention a suspended sentence or probation.

On the sentencing order[1] the court checked a box next to the statement:

**PROBATION IS DENIED** because it is unwarranted. Defendant is committed to the custody of the Director of the Iowa Department of Correctional Services (DCS) for a determination of the appropriate place of confinement, all as provided by Iowa Code Sections 901.7 and 902.5. Granting probation is denied because probation would not provide maximum opportunity for rehabilitation of defendant and protection of the public from further offenses.

Vargas appeals his conviction of possession of more than five grams of a simulated controlled substance with intent to deliver.

## II. Mandatory Prison Sentence

Vargas claims he should be resentenced because the court incorrectly believed it did not have discretion to suspend his sentence and place him on probation. Under section 901.3(3)(e), the court may not suspend a sentence for a violation of section 124.401(1)(a) or (b) "and the controlled substance is methamphetamine." Vargas claims this section should not apply to him because

---

[1] The caption on the form is "Plea/Sentencing Order—Felony Drug," and incorrectly states Vargas had pled guilty.

he was not convicted of possession of methamphetamine with intent to deliver but was convicted of possession of simulated methamphetamine with intent to deliver. He claims the court could have suspended his sentence and placed him on probation. He asks his sentence be vacated and remanded for resentencing.

"We review sentencing decisions for an abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* "When a court has discretion in sentencing, 'it must exercise that discretion.'" *State v. Johnson*, 630 N.W.2d 583, 590 (Iowa 2001) (citation omitted). If a court fails to exercise its discretion, based on an incorrect belief it does not have discretion, the sentence must be vacated and the case remanded for resentencing. *See id.*

Under section 124.401(1), a person may not possess with the intent to deliver a controlled substance, "a counterfeit substance, or a simulated controlled substance." A violation of section 124.401(1)(b) includes the possession of more than five grams but not more than five kilograms of methamphetamine, counterfeit methamphetamine, or simulated methamphetamine. *See State v. Meyer*, 705 N.W.2d 676, 678 (Iowa Ct. App. 2005) (noting chapter 124 "prohibits delivery, manufacture, or possession of simulated and counterfeit controlled substances").

In general, a court may suspend a sentence and place a defendant on probation upon such terms and conditions as it may require.[2] Iowa Code § 907.3(3); *State v. Thomas*, 659 N.W.2d 217, 221 (Iowa 2003). The statute lists several exceptions where the court may not suspend a defendant's sentence, including when, "The offense is a violation of section 124.401, subsection 1, paragraph 'a' or 'b', and the controlled substance is methamphetamine." Iowa Code § 907.3(3)(e); *State v. Biddle*, 652 N.W.2d 191, 200 (Iowa 2002).

On appeal, the State does not argue section 907.3(3)(e) prohibits the court from granting a suspended sentence when a person has violated section 124.401(1)(a) or (b) by possession of a simulated controlled substance with intent to deliver. Instead, the State claims the court exercised its discretion and denied a suspended sentence. The State claims this is shown by the check in the box next to the paragraph denying probation on the sentencing form.

Upon our review of the record from the sentencing hearing, we determine the district court left the impression it mistakenly believed the sentence was mandatory. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010) (noting resentencing may be necessary where the court "left the impression that the trial court may have mistakenly believed that consecutive sentences were mandatory" (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989))). The court stated the offense of possession of a simulated controlled substance "carries the same penalties as that for an actual controlled substance." Under section 907.3(3)(e),

---

[2] The statute does not apply to defendants convicted of forcible felonies or a violation of chapter 709 committed by person who is a mandatory reporter of child abuse and the victim is under the age of eighteen. Iowa Code § 907.3.

however, a violation of section 124.401(1)(a) or (b) involving methamphetamine is treated differently than a violation involving a simulated controlled substance.

Also, the prosecutor and defense counsel incorrectly told the court a prison sentence was mandatory in this case. Thus, no arguments were presented to the court on the issue of whether or not a suspended sentence would be appropriate for Vargas. We conclude the check on a box in the sentencing order does not cure the problems arising from the misinterpretation of section 907.3(3)(e) and the lack of arguments presented at sentencing.

We conclude Vargas's sentence for possession of more than five grams of a simulated controlled substance with intent to deliver must be vacated and the case remanded for resentencing.

### III.    Ineffective Assistance

Vargas claims he received ineffective assistance because defense counsel did not argue at the time of sentencing section 901.10 unconstitutionally punishes defendants who exercise their right to a jury trial. Section 901.10(2) provides:

> [I]f the sentence under section 124.413 involves an amphetamine or methamphetamine offense under section 124.401, subsection 1, paragraph "a" or "b", the court shall not grant any reduction of sentence unless the defendant pleads guilty. If the defendant pleads guilty, the court may, at its discretion, reduce the mandatory minimum sentence by up to one-third. If the defendant additionally cooperates in the prosecution of other persons involved in the sale or use of controlled substances, and if the prosecutor requested an additional reduction in the defendant's sentence because of such cooperation, the court may grant a further reduction in the defendant's mandatory minimum sentence, up to one-half of the remaining mandatory minimum sentence.

Vargas claims this statute unconstitutionally rewards defendants who choose to plead guilty and punishes those who choose to exercise their right to trial.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

In *Biddle*, the Iowa Supreme Court determined section 901.10 did not violate a defendant's right against self-incrimination under the Fifth Amendment, the right to a jury trial as guaranteed by the Sixth Amendment, or the defendant's corresponding rights under the Iowa Constitution. 652 N.W.2d at 200–02. The court noted, "[N]ot every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid. Specifically, there is no *per se* rule against encouraging guilty pleas." *Id.* at 202 (alteration in original) (quoting *Corbett v. New Jersey*, 439 U.S. 212, 218–19 (1978) (footnote omitted)); *cf. United States v. Jackson*, 390 U.S. 570, 583 (1968) (noting a problem with a statute instituting the death penalty only in cases where a defendant was tried by a jury was "not that it necessarily coerces guilty pleas and jury waivers but simply that it needlessly encourages them"). "[S]ection 901.10(2) gives the sentencing court discretion to reduce the mandatory minimum sentence of those pleading guilty. A defendant therefore could receive the mandatory minimum sentence whether or not he or she pleads guilty." *Biddle*, 652 N.W.2d at 202. Thus, the statute did not violate the defendant's Fifth or Sixth Amendment rights or his rights under the Iowa Constitution. *Id.*

The Iowa Supreme Court also considered whether section 901.10(2) violated the defendant's rights under the equal protection clauses of the United States and Iowa Constitutions. *Id.* The court concluded there was no violation of the defendant's equal protection rights, as the statute was "rationally related to the government's interest in curbing the increasing and widespread use of methamphetamine, a highly addictive drug." *Id.* at 203.

Vargas claims *Biddle* should be overruled, stating the court did not engage in an independent analysis under the Iowa Constitution. We are not at liberty to overrule controlling supreme court precedent. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). We conclude Vargas has not shown he received ineffective assistance due to defense counsel's failure to raise an argument seeking to overrule the case; if such an argument had been raised it would have been rejected. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015) (finding defense counsel has no duty to pursue a course of action which would have been meritless).

We affirm Vargas's convictions, vacate his sentence, and remand for resentencing.

**CONVICTIONS AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**